# EXHIBIT C

Exhibit C

10/17/2019 2:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37747826
By: Tahj Wimbley
Filed: 10/17/2019 2:54 PM

CAUSE NO. _____

| | | |
|---|---|---|
| TEISHA AND DEREK D. DAFOE, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Teisha Dafoe and Derek D. Dafoe, ("Plaintiffs"), and files **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") (or "Defendant") and for cause of action, Plaintiffs respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.      Plaintiffs, Teisha Dafoe and Derek D. Dafoe, resides in Harris County, Texas.

3.      Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois insurance company, engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon Allstate, through its registered agent for service**: <u>c/o CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201-3136</u>**.

Plaintiffs request service at this time.

## JURISDICTION

4.    The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5.    Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.    Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.    Plaintiffs own an Allstate Vehicle and Property Insurance Company insurance policy, number 000836920776 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at **13522 Pegasus Road Cypress, Texas 77429** ("the Property").

8.    Allstate Vehicle and Property Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiffs.  Allstate Vehicle and Property Insurance Company represented to Plaintiffs that the Policy included hail and windstorm On or about August 9, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Cypress/Harris County, Texas area.

9.    In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Allstate against the Policy for damage to the Property.   Allstate assigned claim number 0543818546 to

Plaintiffs claim.

10.     Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

11.     Allstate hired or assigned its agent, Billy Hearn, to inspect and adjust the claim.  Hearn conducted an inspection on or about May 25, 2019, according to the information contained in his estimate.  Hearn's findings generated an estimate of damages totaling $1,363.72. After application of depreciation and deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

12.     Allstate, through its agent, Hearn, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

13.     Allstate and Hearn have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Hearn found the damage to the property was under Plaintiffs' deductible.

14.     The damage to Plaintiffs' Property is currently estimated at $27,959.33.

15.     Hearn had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Allstate.

16.     Furthermore, Hearn was aware of Plaintiffs deductible prior to inspecting the Property. had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

3

17. Hearn misrepresented the actual amount of damage Plaintiffs Property sustained in addition to how much it would cost to repair the damage. Hearn made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

18. After reviewing Plaintiffs Policy, Hearn misrepresented that the damage was caused by non-covered perils.  used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs Property would not be covered under the policy.

19. As stated above, Allstate and Hearn improperly and unreasonably adjusted Plaintiffs claim. Without limitation, Allstate and Hearn misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs Property, as well as the amount of insurance coverage for Plaintiffs claim or loss under the Policy.

20. Allstate and Hearn made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Allstate and Hearn made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Hearn.

21. Plaintiffs relied on Allstate and Hearn's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs Property. Plaintiffs' damages are the result of Plaintiffs reliance on these misrepresentations.

22. Upon receipt of the inspection and estimate reports from Hearn, Allstate failed to assess the claim thoroughly.  Based upon Hearn's grossly unreasonable, intentional, and reckless

failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

23. Because Allstate and Hearn failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

24. Furthermore, Allstate and Hearn failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Hearn performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

25. Allstate's and Hearn's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

26. Allstate's and Hearn's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Allstate and Hearn have failed to settle Plaintiffs claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Allstate and Hearn have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

27.     Allstate's and Hearn's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (2) (A).  Allstate and Hearn failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

28.     Additionally, after Allstate received statutory demand on or about July 22, 2019, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs claim properly.

29.     Allstate's and Hearn's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Hearn performed a biased and intentionally substandard inspection designed to allow Allstate to refuse to provide full coverage to Plaintiffs under the Policy.

30.     Specifically, Allstate and Hearn performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

31.     Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Due to Hearn's subpar inspection, Allstate failed to reasonably accept or deny Plaintiffs full and entire claim within the statutorily mandated time after receiving all necessary information.

32.     Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to 's intentional undervaluation of Plaintiffs' claims, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, 's understatement of the damage to the Property

6

caused Allstate to delay full payment of Plaintiffs claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs claim.

33. Allstate and 's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

34. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

35. Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

36. Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

7

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

37.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair

Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are

actionable by TEX. INS. CODE §541.151.

38.     Allstate's unfair settlement practice of misrepresenting to Plaintiffs material facts relating

to coverage constitutes an unfair method of competition and a deceptive act or practice in

the business of insurance.  TEX. INS. CODE §541.060(a) (1).

39.     Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt,

fair, and equitable settlement of the claim, even though Allstate's liability under the Policy

was reasonably clear, constitutes an unfair method of competition and a deceptive act or

practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

40.     Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable

explanation of the basis in the Policy, in relation to the facts or applicable law, for

underpayment and denial of the claim, constitutes an unfair method of competition and a

deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

41.     Allstate's unfair settlement practice of refusing to pay Plaintiffs full claim without

conducting a reasonable investigation constitutes an unfair method of competition and a

deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

8

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

42.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt
        Payment of Claims.  All violations made under this article are actionable under TEX. INS.
        CODE §542.060.

43.     Allstate's delay in paying Plaintiffs claim following receipt of all items, statements, and
        forms reasonably requested and required, for longer than the amount of time provided,
        constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44.     Allstate's conduct constitutes a breach of the common law duty of good faith and fair
        dealing owed to an insured in insurance contracts.

45.     Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs claim,
        even though Allstate knew or should have known by the exercise of reasonable diligence
        that liability was reasonably clear, constitutes a breach of the duty of good faith and fair
        dealing.

## DTPA VIOLATIONS

46.     Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
        Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods
        and services provided by Allstate pursuant to the DTPA.  Plaintiffs have met all conditions
        precedent to bring this cause of action against Allstate.  Specifically, Allstate's violations
        of the DTPA include, without limitation, the following matters:

        A.      By its acts, omissions, failures, and conduct, Allstate has violated sections
                17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Allstate's violations

9

include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Allstate represented to Plaintiffs that the Policy and Allstate's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.    Allstate represented to Plaintiffs that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.    Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs lack of knowledge, ability, and experience to a grossly unfair degree.  Allstate's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.  Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

47.  Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs damages.  All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

48.  Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

49.  Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

50.  The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

51.  Plaintiffs currently estimate that actual damages to the Property under the Policy are $27,959.33.

52.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.   The above described acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs Property and any investigative and engineering fees incurred.

53.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

54.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.   For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

55.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees.   TEX. INS. CODE §542.060.

56.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

57.   Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct, and to set an example to deter Defendant and others from committing similar acts in the future.

58.  For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59.  As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

60.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

61.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, Allstate Vehicle and Property Insurance Company, be cited and served to appear, and that upon trial hereof, , recovers from Defendant, Allstate Vehicle and Property Insurance Company such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587

Tara L. Peveto
Bar No. 24076621
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

15

10/17/2019 2:54:51 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37747826
By: WIMBLEY, TAHJ M.
Filed: 10/17/2019 2:54:51 PM

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY):* | COURT *(FOR CLERK USE ONLY):* |
|---|---|

STYLED TEISHA AND DEREK D. DAFOE. V. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

**1. Contact information for person completing case information sheet:**

| Names of parties in case: | Person or entity completing sheet is: |
|---|---|

Name:
Chad T. Wilson

Email:
cwilson@cwilsonlaw.com

Address:
455 E Medical Center Blvd., Ste 555

Telephone:
832-415-1432

City/State/Zip:
Webster, TX 77598

Fax:
281-940-2137

Signature:

State Bar No:
24079587

Plaintiff(s)/Petitioner(s):
Teisha Dafoe
Derek D. Dafoe

Defendant(s)/Respondent(s):
Allstate Vehicle and Property Insurance Company

[Attach additional page as necessary to list all parties]

Person or entity completing sheet is:
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|

**Contract**

*Debt/Contract*
☒ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**

☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
  ☐ Accounting
  ☐ Legal
  ☐ Medical
  ☐ Other Professional
    Liability:

☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
  ☐ Asbestos/Silica
  ☐ Other Product Liability
    List Product:

☐ Other Injury or Damage:

**Real Property**

☐ Eminent Domain/
  Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**

☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—
  Pre-indictment
☐ Other:

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign
  Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities
  of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with
  Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental
  Rights
☐ Other Parent-Child:

**Employment**

☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**

☐ Administrative Appeal
☐ Antitrust/Unfair
  Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property

☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action

☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment

☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

**4. Indicate damages sought (do not select if it is a family law case):**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

10/17/2019 2:54:51 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37747826
By: WIMBLEY, TAHJ M
Filed: 10/17/2019 2:54:51 PM

## CIVIL PROCESS REQUEST FORM

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED:**  PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

**FILE DATE OF MOTION:** OCTOBER 17, 2019

                                        Month/        Day/        Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME:  ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

    ADDRESS: 1999 BRYAN STREET, SUITE 900, DALLAS TEXAS 75201-3136

    AGENT, (*if applicable*):  CT CORPORATION SYSTEM

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):  CITATION

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**              ☐ **CONSTABLE**
- ☒ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Sean @LDM (Dist. Box 85) Phone: (469) 291-5005; __
                                        email:  sean@ldmprocess.com
- ☐ **MAIL**                          **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER**, *explain* _____

**ATTENTION:  Effective June 1, 2010**
**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thank you,**

*******************************************************************************************

2.  NAME: _____

    ADDRESS: _____

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**              ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- ☐ **MAIL**                          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER**, *explain* _____

*******************************************************************************************

Unofficial Copy Office of Marilyn Burgess District Clerk

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

__XXXX__     PLAINTIFF'S ORIGINAL PETITON, JURY DEMAND AND REQUEST FOR DISCLOSURE

ORIGINAL PETITION
_____     AMENDED PETITION
_____     SUPPLEMENTAL PETITION


COUNTERCLAIM
_____     AMENDED COUNTERCLAIM
_____     SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____     AMENDED CROSS-ACTION
_____     SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____     AMENDED THIRD-PARTY PETITION
_____     SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____     AMENDED INTERVENTION
_____     SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____     AMENDED INTERPLEADER
_____     SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
    ORDER TO: _____
                        (specify)

    MOTION TO: _____
                        (specify)

PROCESS TYPES:

NON WRIT:

X     CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Unofficial Copy Office of Marilyn Burgess District Clerk

10/17/2019 2:54:51 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37747826
By: WIMBLEY, TAHJ M
Filed: 10/17/2019 2:54:51 PM



# CHAD T. WILSON
L A W   F I R M , P L L C

October 17, 2019

Harris County District Clerk
Marilyn Burgess
201 Caroline, Suite 420
Houston, Texas 77002

RE:     Cause No._____; *Teisha and Derek D. Dafoe v. Allstate Vehicle and Property Insurance Company;* In the _____ Judicial District Court, Harris County, Texas

Dear Ms. Burgess:

Please prepare one (1) civil process citation for the following and have served via Certified Process Server:

Allstate Vehicle and Property Insurance Company
c/o C T Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

Please place the citation in District Box 85 for Sean Hollenbeck at LDM to pick up the citation. His e-mail is sean@ldmprocess.com.

If any additional information is needed, feel free to contact this office. Thank you for your cooperation and assistance.

Sincerely yours,

Chad T. Wilson
Texas State Bar No. 24079587
CWilson@cwilsonlaw.com

Houston:
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
Office: 832-415-1432        Fax: 281-940-2137

Denver:
1001 Bannock Street, Suite 239
Denver, Colorado 80204
Office: 303-495-3999



# MARILYN BURGESS

### HARRIS COUNTY DISTRICT CLERK

### Civil Process Pick-Up Form

## CAUSE NUMBER  2019-76330

**ATY**          **CIV**     **X**          **COURT** **055**

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

**\*ATTORNEY: WILSON, CHAD**                              PH: 832.415.1432

**\*CIVIL PROCESS SERVER: SEAN LDM**            BOX FOR PICK UP: 85

**\*PH: 469.291.5005**

**\*PERSON NOTIFIED SVC READY:** *Daisy*

**\* NOTIFIED BY:** *KS*

**\*DATE:** *10/24/2019*

---

Type of Service Document: CITATION               Tracking Number 73687192
Type of Service Document: _____               Tracking Number_____
Type of Service Document: _____               Tracking Number_____
Type of Service Document: _____               Tracking Number_____
Type of Service Document: _____               Tracking Number_____
Type of Service Document: _____               Tracking Number_____

**Process papers prepared by: T. WIMBLEY**

**Date:  10/18/19**                      **30 DAYS WAITING: 11/18/19**

---

**\*Process papers released to:** *William Davis*
                                              (PRINT NAME)
*713-280-6980*                    *[signature]*  *BSC17104*
**\*(CONTACT NUMBER)**              (SIGNATURE)
                                              **Lisa Thomas**
**\*Process papers released by:** _____
                                              (PRINT NAME)
                                              **Lisa Thomas**
                                              (SIGNATURE)

**\* Date:** _____, 2019   **Time:** _____ AM / PM

---

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**Entire document  must be completed**     **(do not change this document)**   Revised 1/3/2019

11/5/2019 4:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38253441
By: Justin Fitzgerald
Filed: 11/5/2019 4:43 PM

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO.  201976330

RECEIPT NO.                    0.00    CIV
             **********        TR # 73687192

PLAINTIFF: DAFOE, TEISHA                          In The  55th
               vs.                                Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY    of Harris County, Texas
                                                  55TH DISTRICT COURT
                                                  Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (AN ILLINOIS INSURANCE
    COMPANY) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900   DALLAS TX 75201 - 3136
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 17th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 18th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:                        MARILYN BURGESS, District Clerk
WILSON, CHAD TROY                            Harris County, Texas
455  EAST MEDICAL CENTER BLVD                201 Caroline, Houston, Texas 77002
SUITE 555                                    (P.O. Box 4651, Houston, Texas 77210)
WEBSTER, TX  77598
Tel: (832) 415-1432                          Generated By: WIMBLEY, TAHJ MESHAE  IS1//11359698
Bar No.: 24079587

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 3:40 o'clock P.M., on the 29th day of OCTOBER, 2019.

Executed at (address) 1999 Bryan S. Ste 900 Dallas TX 75201 in

DALLAS                County at 3:45 o'clock P.M., on the 29th day of October,

2019, by delivering to Serving its R/A CT Corp through Antoinette Williams, defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ 75                                    Gener Rodgers

                          PSC 16570 of EXP 4-30-21 County, Texas

        Affiant                       By _____
                                              Deputy

On this day, Gener Rodgers _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 30th day of October, 2019

DAISY GARCIA
Notary Public, State of Texas
Comm. Expires 10-03-2022
Notary ID 131747948              Notary Public

*73687192*

11/13/2019 11:07 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38449536
By: Iliana Perez
Filed: 11/13/2019 11:07 AM

CAUSE NO. 201976330

| | |
|---|---|
| TEISHA AND DEREK D. DAFOE, | IN THE DISTRICT COURT |
| Plaintiffs, | |
| V. | 55TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | |
| Defendant. | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

## I.  GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.  SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Plaintiff's failure to provide the required notice under §542A.003 prior to the filing of this action constitutes a breach of that statute. Because Plaintiff's failed to give the notice required by §542A.003(b)(2) before filing this action, Plaintiffs are not entitled to recover attorneys' fees

Dafoe, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0543818546.1

Page 1 of 4

incurred after the date this defense was pled.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## III.  REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.  JURY DEMAND

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.  DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic

Dafoe, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0543818546.1

Page **2** of **4**

service email address, and service through any other email address will be considered invalid.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, prays that the Plaintiff recover nothing of and from the Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**MICHAEL MAUS**
TBN:  24008803
811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Dafoe, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0543818546.1

Page **3** of **4**

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 13th day of November, 2019, to:

Chad T. Wilson
Tara L. Peveto
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
eservice@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS          *VIA E-SERVE*

_____
**MICHAEL MAUS**

Dafoe, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0543818546.1                                                     Page **4** of **4**